<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TFORCE FREIGHT, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>CISCO SYSTEMS, INC.,<br><br>                    Defendant. | Civil Action No. 23-03263-JKS-MAH<br><br>**OPINION**<br><br>April 25, 2024 |

**SEMPER**, District Judge.

> This matter comes before the Court on Defendant Cisco Systems Inc.'s ("Defendant" or "Cisco") motion to dismiss Plaintiff TForce Freight, Inc.'s ("Plaintiff" or "TForce") Complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (3). (ECF 9, "Def. Br.") Plaintiff filed a brief in opposition. (ECF 11, "Opp.") Defendant filed a reply. (ECF 14, "Reply.") The Court reviewed the Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED.**

## I.      FACTUAL BACKGROUND

> Plaintiff is a licensed interstate common carrier of goods for hire authorized to do business in New Jersey with a place of business in New Jersey. (Compl. ¶ 1.) Defendant is a Delaware corporation with its principal place of business in California. (*Id.* ¶ 2.) On or about April 21, 2022, the parties entered into a Bill of Lading Contract of Carriage (the "Contract"). (*Id.* ¶ 6.) Pursuant to the Contract, Defendant agreed to accept freight (the "Freight") transported by Plaintiff in

---

[1] (ECF 1, "Compl.)

1

interstate commerce from Virginia to Texas. (*Id.*) The Contract provides for a limitation of liability that the shipment was "subject to limits of liability of the carrier's rules tariff[.]" (*Id.*) The shipment was further subject to a limitation of liability in the amount of "the higher of $50.00 per shipment or $0.50 per pound of cargo lost . . . ." (*Id.*) The Freight weighed 458 pounds. (*Id.*)

On May 8, 2022, the Freight was ready for pick up in Virginia. (*Id.* ¶ 8.) On May 23, 2023, Plaintiff delivered the Freight to Defendant's designated address as indicated in the Contract. (*Id.* ¶ 9.) Defendant refused to accept delivery. (*Id.* ¶ 10.) Defendant did not provide Plaintiff with instructions about the Freight's disposition. (*Id.* ¶ 11.) The Freight was returned to Plaintiff's local terminal. (*Id.*) Plaintiff wrote to Defendant and the Virginia shipper requesting disposition instructions. (*Id.* ¶ 12.) Plaintiff advised Defendant and the Virginia shipper that unless disposition instructions were provided, the Freight would be auctioned off in the normal course pursuant to the Defendant's Motor Carrier Tariff. (*Id.*) Neither Defendant nor the Virginia shipper provided disposition instructions to Plaintiff and the Freight was auctioned. (*Id.* ¶¶ 13-14.)

On May 4, 2023, Defendant sent a letter to Plaintiff allegedly threatening to sue Plaintiff on or about May 11, 2023 unless Plaintiff paid Defendant $2,209,768.00 for the Freight. (*Id.* ¶ 15.) Thereafter, Plaintiff investigated and concluded there could be no liability on its part. (*Id.* ¶ 16.)[2] Plaintiff asserts that the most it could ever be liable for is $50.00, which is the cap on damages contained within the Contract. (*Id.* ¶¶ 16-17.)

Plaintiff filed its Complaint on June 14, 2023. Plaintiff seeks a declaration enforcing the terms and conditions of the Contract and Defendant's Motor Carrier Tariff. (*Id.* ¶ 16.) Plaintiff

---

[2] Plaintiff claims it could not be liable to Defendant because "(i) the claims in the Litigation Threat Letter were time barred, (ii) the Defendant wrongfully refused delivery of the Freight, (iii) the Defendant did not pay the freight charges, (iv) TForce's requests for disposition instructions of the Freight were ignored by the Defendant and by the shipper in Virginia, (v) the auction was noticed in the normal course and (vi) under no set of facts could the amount of the damages rise any higher than the $50.00 cap on damages pursuant to the terms of the Bill of Lading Contract of Carriage." (Compl. ¶ 16.)

also seeks a declaration stating that it "is not liable to the Defendant or, alternatively, that under no set of facts and subject to Defendant's proofs of alleged liability, could [Plaintiff] ever be liable to the Defendant for more than \$50.00." (*Id.* ¶ 18.) On July 21, 2023, Defendant moved to dismiss, arguing that this Court lacks subject matter jurisdiction over Plaintiff's claims, lacks personal jurisdiction over Defendant, and is an improper venue for this lawsuit. (*See* ECF 9, Def. Br.)

## II.    LEGAL STANDARD

A federal court must have subject matter jurisdiction to hear a case. Subject matter jurisdiction in federal court falls within two categories: (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332, which encompasses disputes between citizens of different states alleging an amount in controversy in excess of \$75,000; and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331, which encompasses disputes "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In deciding a Rule 12(b)(1) motion for lack of subject matter jurisdiction, a court must determine whether the moving party presents a "facial" or "factual" attack; the distinction determines how the pleading is reviewed.[3] *In re Schering-Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). "A facial attack 'contests the sufficiency of the complaint because of a defect on its face,' whereas a factual attack 'asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites.'" *Hall v. Revolt Media & TV, LLC*, No. 17-2217, 2019 WL 2183861, at *2 (D.N.J. May 21, 2019) (quoting *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015)). When a party moves to dismiss prior to answering the complaint, as is the case here, the motion is generally considered a facial attack. *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

---

[3] This Court also has an independent obligation to establish that it has subject-matter jurisdiction. *Morel v. INS*, 144 F.3d 248, 251 (3d Cir. 1998).

For a facial attack, "the Court must consider the allegations of the complaint as true[.]"[4] *Bd. of Trs. of Trucking Emps. of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)). The burden is on the plaintiff to prove a court has jurisdiction. *Petruska*, 462 F.3d at 302. Therefore, a court must find that "the allegations on the face of the complaint, taken as true, allege sufficient facts to invoke the jurisdiction of the District Court" to overcome a facial attack. *Culver v. U.S. Dep't of Lab. Occupational Safety & Health Admin.*, 248 F. App'x 403, 406 (3d Cir. 2007) (citing *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).

## III.   ANALYSIS

Plaintiff asserts this Court has subject matter jurisdiction "based upon 28 U.S.C. § 1331 as this matter 'arises under' the laws of the United States, specifically, 49 U.S.C. § 14706 (the 'Carmack Amendment') because this matter involves Defendant's claim for loss of cargo being transported in interstate commerce where the amount of the damage/loss is alleged to exceed $10,000.00." (Compl. ¶ 3.) Plaintiff also asserts this Court has subject matter jurisdiction "pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202[,]" the Declaratory Judgment Act (*Id.* ¶ 4.)

### A.   Carmack Amendment

Plaintiff's first alleged basis for subject matter jurisdiction is the Carmack Amendment. (Compl. ¶ 3.) A civil action under the Carmack Amendment "may be brought against a delivering carrier in a district court of the United States," or "against the carrier alleged to have caused the

---

[4] "This is in marked contrast to the standard of review applicable to a factual attack, in which a court may weigh and 'consider evidence outside the pleadings.'" *Const. Party of Pa v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

loss or damage, in the judicial district in which such loss or damage is alleged to have occurred." 49 U.S.C. §§ 14706(d)(1)-(2). "The district courts shall have original jurisdiction . . . of an action brought under section . . . 14706 of title 49, [commonly referred to as the Carmack Amendment,] only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." 28 U.S.C. § 1337(a). The term "carrier" includes a "motor carrier," or "a person providing motor vehicle transportation for compensation." 49 U.S.C. §§ 13102(3), (14).

Defendant asserts this Court lacks subject matter jurisdiction because Plaintiff fails to establish the minimum $10,000 amount in controversy necessary to state a claim pursuant to the Carmack Amendment. (Def. Br. at 9-10.) In its Complaint, Plaintiff asserts that "it is not liable to the Defendant or, alternatively, that under no set of facts and subject to Defendant's proofs of alleged liability, could [Plaintiff] ever be liable to the Defendant for more than $50.00." (Compl. ¶ 18.) The Complaint references a letter from Defendant in which Defendant requests $2,209,768.00 from Plaintiff for the Freight. (*Id.* ¶ 15.) In its Opposition, Plaintiff argues that the Letter requesting $2,209,768.00 exceeds the Carmack Amendment's $10,000 requirement.[5] However, federal jurisdiction cannot be predicated on an anticipated counterclaim or defense. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Therefore, the Carmack Amendment's monetary requirement cannot be satisfied by Defendant's anticipated counterclaim for damages in excess of $10,000. *See also BMW Auto Sales, Inc. v. Red Wolf Logistics, LLC*, No. 21-14647, 2022 WL 613849, at *3 (D.N.J. Mar. 2, 2022) (deciding a motion to remand and finding "the Court still lacks jurisdiction because the Complaint does not allege damages exceeding $10,000."). Here, Plaintiff fails to establish the Court has subject matter jurisdiction.

---

[5] Nevertheless, in its Complaint, Plaintiff alleges that the most it could be liable for is $50.00, regardless of the amount Defendant requested in the Letter. (Compl. ¶ 18.)

### B.  Declaratory Judgment Act

Plaintiff's second alleged basis for subject matter jurisdiction is the Declaratory Judgment Act. However, "[t]he Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not independently grant subject-matter jurisdiction." *Temple Univ. Hosp. v. Sec'y U.S. Health & Hum. Servs.*, 2 F.4th 121, 132 (3d Cir. 2021) (citing *Allen v. Debello*, 861 F.3d 433, 444 (3d Cir. 2017) ("The Declaratory Judgment Act does not, however, provide an independent basis for subject-matter jurisdiction; it merely defines a remedy.")). Therefore, Plaintiff fails to establish that this Court has subject matter jurisdiction pursuant to the Declaratory Judgment Act.[6]

## III.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED.** Plaintiff's Complaint is dismissed without prejudice.[7] An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:        Clerk
cc:          Michael A. Hammer, U.S.M.J.
             Parties

---

[6] Because this Court is dismissing Plaintiff's Complaint for a lack of subject matter jurisdiction, it need not address Defendant's arguments regarding personal jurisdiction and venue. *See Est. of Ruffu ex rel. Jensen Beach Marine Ctr., Inc. v. Collier*, No. 06-3531, 2008 WL 801274, at *4 (D.N.J. Mar. 20, 2008).

[7] *See Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (explaining that a dismissal for lack of jurisdiction should be without prejudice as the court has not expressed a view of the plaintiff's claims on the merits).